[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO VACATE ARBITRATION DECISION
Aetna Life Casualty Company moves pursuant to General Statutes 52-418 for an order vacating a decision made by a panel of arbitrators in favor of Ronald F. Wicke on a claim filed in accordance with the underinsured motorists coverage provisions of an auto insurance policy. Aetna contends that the arbitrators erroneously ruled that Aetna's contractual right to reduce the amount of coverage is limited under the circumstances of this case to one-half of the payments made on behalf of the tortfeasor as opposed to all sums paid on behalf of the tortfeasor. Aetna further contends that, in light of the fact Aetna is willing to pay Wicke the maximum amount of coverage after a deduction for credits allowed under the policy, the arbitrators erroneously ruled that Wicke is entitled to a finding as to the full value of his compensable injuries. Wicke contests the application to vacate. He claims the application should be denied on the ground the arbitrators have not yet rendered a decision which can be attacked under General Statutes 52-418(a)(4). Alternatively, Wicke argues that the arbitrators correctly determined the amount of the deduction from insurance coverage. The court concludes that the motion to vacate should be granted.
The first issue concerns the finality of the arbitration award. The dissenting arbitrator found there is nothing further for the arbitrators to do in ascertaining damages payable under the insurance contract. Clearly, Aetna cannot be liable under the insurance contract for more than the maximum limit of coverage. The policy provides that the limit of insurance coverage is $300,000. The policy also provides that the amount payable under this coverage shall be reduced by "all sums paid by or for any one who is legally responsible . . . ." The arbitrators determined that the reduction for sums paid on behalf of the legally responsible person, i.e., the "tortfeasor credit", should be $75,000. The arbitrators also determined that Aetna is entitled to a credit for the full amount of the basic reparations benefits of $1,666.00. Since Aetna is willing to pay the limit of coverage after deducting an amount equal to these two payments, there is nothing more for CT Page 8569 the arbitrators to do in determining the damages due under the insurance contract. The court has carefully reviewed the record of the arbitration proceedings and the briefs of the parties. The court agrees with the dissenting arbitrator's opinion. Since there is no disagreement on the amount to be paid by Aetna under the business auto policy, the arbitrators have issued a final decision. Aetna has not prematurely filed the application to vacate the decision.
Wicke, however, wants to continue with the arbitration proceeding so that he can obtain from the arbitrators a ruling which may have preclusive effect in another proceeding against Aetna involving another insurance policy. Wicke's present claim is based on the coverage provided by a business auto policy issued by Aetna. Wicke also has underinsured motorists coverage under a personal automobile policy issued by Aetna. Because the latter policy does not allow for arbitration, Wicke has brought a lawsuit upon that policy against Aetna. Wicke wants the arbitrators to issue a ruling on the full value of his compensable injuries so that he can take advantage of the doctrine of issue preclusion in the court case. See Corey v. Avco-Lycoming Division, 163 Conn. 309
(1972). Because Aetna is willing to pay the limit of coverage in the arbitration case, a finding as to the full value of his compensable injuries is not relevant to the arbitration proceedings.
The second issue is whether the arbitrators correctly determined the amount Aetna may deduct from insurance coverage for payments made on behalf of the tortfeasor. After the majority arbitrators found that $150,000 had been paid to Wicke on behalf of the tortfeasor, the arbitrators concluded that $75,000 should be deducted from the coverage provided by the business policy upon which the arbitration case was based and that $75,000 should be deducted in the future from the coverage provided by the personal policy upon which the civil suit is based. This ruling may be an appropriate public policy decision for the legislature to make. In the absence of a legislative rule, the intent of the parties, as expressed in the insurance policy, should be followed. The pertinent provision in the insurance policy is authorized by 38-175a-6(d)(1) of the regulations of Connecticut state agencies and provides "any amount payable under this coverage shall be reduced by . . . all sums paid by or for anyone who is legally responsible . . . ." Under this provision, Aetna is entitled to a deduction from coverage of $150,000. CT Page 8570
Based upon the foregoing, the application to vacate the arbitration decision is granted.
THIM, JUDGE